FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 16 2013

at /2 o'clock and 3 min. P M
SUE BEITIA, CLERK

*ORIGINAL*

PROPERTY RIGHTS LAW GROUP OF HAWAI'I, INC.
Robert L. Stone, Att. No. 9920
7 Waterfront Plaza
500 Ala Moana Blvd., Suite 400
Honolulu, HI 96813
tel: (808) 543-8332
e-mail: rlstone@propertyrightslawgrp.com
Attorney for Plaintiffs Antony Toledo and Annie Toledo

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ANTONY TOLEDO and ANNIE TOLEDO,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF NEW YORK MELLON, as trustee on behalf of the certificate holders of the CWHEQ Revolving Home Equity Loan Trust, Series 2006-H; ARGENT MORTGAGE COMPANY, LLC; COUNTRYWIDE HOME LOANS, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; BANK OF AMER-ICA, N.A.; BAC HOME LOANS LP; HOMEQ SERVICING; OCWEN LOAN SERVICING, LLC; CORELOGIC DE-FAULT INFORMATION SERVICES, LLC; MIGUEL ROMERO; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PART-NERSHIPS 1-10; DOE ENTITIES 1-10; and DOE GOVERNMENTAL UNITS 1-10;<br><br>Defendants. | Civil No. CV13 00539 DKW KSC<br><br>COMPLAINT (Negotiable Instrument)<br><br>EXHIBITS A-K |

1

## COMPLAINT

NOW COME the Plaintiffs, Antony Toledo and Annie Toledo ("Mr. and Mrs. Toledo"), by and through their attorneys, Property Rights Law Group of Hawai'i, Inc., and hereby file this Complaint and allege in support thereof as follows:

## NATURE OF THE CASE

1.      This is an *in rem* action for a declaratory judgment as to the ownership of a lien on real estate.      Mr. and Mrs. Toledo purchased their home in 2004 with a promissory Note and Mort-gage in favor of Defendant Argent Mortgage Company, LLC.  A year later, they executed a second promissory Note and Mortgage with Defendant Countrywide Home Loans, Inc.  Since then, at least four (4) separate parties have claimed interests in the Subject Property through documents of varying formality.  Most of these documents reference wholly unique loan numbers that do not appear in the loan documents or in the records of the Bureau of Conveyances.  Mr. and Mrs. Toledo file this action to obtain a declaratory judgment identifying the true mortgagees so that they do not face double or

2

triple liability for their debt.

## THE PARTIES

2.     Mr. and Mrs. Toledo at all relevant times have been residents of Ewa Beach, County of Honolulu, State of Hawaiʻi.  Mr. and Mrs. Toledo are in possession of the real property located at 91-1032 Mikiʻala St., with Parcel ID Number 1/9-1-102-043 (the "Subject Property.")  No other party is in possession.

3.     Defendant Bank of New York Mellon ("BONY") is a New York corporation having its headquarters and principal place of doing business in that State and is a citizen of that State. Defendant BONY serves as the Trustee for the certificate holders of CWHEQ Revolving Home Equity Loan Trust, Series 2006-H ("Trust 2006-H.")

4.     Defendant Argent Mortgage Company, LLC ("Argent") is a limited-liability company organized under the law of the State of California and is a citizen of that State.

5.     Defendant Countrywide Home Loans, Inc., ("Country-wide") is a corporation organized and existing under the laws of the State of New York, with its headquarters in the State of North Carolina and is a citizen of that State.

3

6. Defendant Mortgage Electronic Registration Services, Inc., ("MERS") is a corporation organized and existing under the laws of the State of Delaware, with its headquarters and principal place of doing business in Virginia, and is a citizen of that State.

7. Defendant HomEq Servicing ("HomEq") is organized and existing under the laws of the State of California, has its headquarters and principal place of doing business in California, and is a citizen of that State

8. Defendant Bank of America, N.A., ("B. of A.") is a national banking association chartered under the laws of the United States, with its current headquarters and principal place of business in Charlotte, North Carolina., and is a citizen of that State. Defendant B. of A.'s organization certificate lists its place of business as the State of California.

9. Defendant BAC Home Loans Servicing, LP, ("BAC Home Loans Servicing") is a limited partnership organized and existing under the laws of the State of Texas, has its principal place of doing business in that State, and is a citizen of that State.

10. Defendant Ocwen Loan Servicing, LLC, is a limited-liability company organized and existing under the laws of the State

4

of Delaware, with its headquarters and principal place of doing business in the State of Florida, and is a citizen of that State.

11. Defendant CoreLogic Default Information Services, LLC, ("CoreLogic") is a limited-liability company organized and existing under the laws of the State of Florida, has its headquarters and principal place of doing business in that State, and is a citizen of that State.

12. Defendant Miguel Romero is an individual employee of Defendant B. of A. who resides in the State of California and is a citizen of that State.

## JURISDICTION AND VENUE

13. Jurisdiction is proper in this case pursuant to 28 U.S.C. § 1332, as all parties are diverse from one another and the amount in controversy is $387,000, which is the fair market value of the Subject Property.

14. This Court has pendent jurisdiction under 28 U.S.C. § 1367 over related State-law claims. In the sole count of this Complaint, the equitable powers of this Court are invoked pursuant to the Declaratory Judgment Act, 28 U.S.C. 2201.

15. The Court has personal jurisdiction over the parties. At all relevant times, Mr. and Mrs. Toledo were and still are domiciled in Honolulu County, Hawaiʻi. All Defendants have their headquarters and principal places of doing business outside the State of Hawaiʻi, but all of the Defendants do business in Hawaiʻi, have availed themselves of the courts of the State of Hawaiʻi, have caused documents to be recorded on the Subject Property in the Bureau of Conveyances in the State of Hawaiʻi, and have committed acts in the State of Hawaiʻi that are the subject of this lawsuit.

16. Venue is proper pursuant to 28 U.S.C. § 1391, because the Subject Property is real estate situated in Honolulu County, Hawaiʻi.

## LIST OF EXHIBITS

A. The first promissory note, executed on May 24, 2004, by Mr. and Mrs. Toledo and Defendant Argent;

B. The first mortgage, executed May 24, 2004, by Mr. and Mrs. Toledo and Defendant Argent;

C. The second promissory note, executed October 3, 2005, by Mr. and Mrs. Toledo and Defendant Countrywide;

D.   The second mortgage, executed October 3, 2005, by Mr. and Mrs. Toledo and Defendant Countrywide, naming Defendant MERS as mortgagee;

E.   Letters addressed to Mr. and Mrs. Toledo from Defendant HomEq, dated between 2006 and 2007;

F.   Letters addressed to Mr. and Mrs. Toledo from Defendant B. of A., dated between 2010 and 2013;

G.   Letters addressed to Mr. and Mrs. Toledo from Defendant Ocwen, dated between 2011 and 2012;

H.   The purported "Assignment" of the Second Note by Miguel Romero to Defendant BONY, dated 3/29/12;

I.   The summary page from Trust 2006-H's 424(b)(5) Prospectus;

J.   The Certificate of Title for the Subject Property; and

K.   A screen shot of the Bureau of Conveyances Official Public Records from its website.

## STATEMENT OF FACTS

17.   On May 24, 2004, Mr. and Mrs. Toledo purchased their home with a substantial cash down payment and a promissory note

7

(the "First Note") and a mortgage agreement (the "First Mortgage") in favor of Defendant Argent. The Loan Number that appears on the First Mortgage is 005796XXXX-XXXX. (A complete, true, and correct copy of the First Note as it appeared on May 24, 2004, is attached hereto as Exhibit "A," and a complete, true, and correct copy of the First Mortgage is attached hereto as Exhibit "B.")

18. On October 3, 2005, Mr. and Mrs. Toledo executed a second promissory note, (the "Second Note") and a second mortgage agreement (the "Second Mortgage"), naming Defendant Countrywide as the Lender. The Loan Number that appears on the Second Mortgage is DOC ID: 0001152432751XXXX. (A complete, true, and correct copy of the Second Note is attached hereto as Exhibit "C," and a complete, true, and correct copy of the Second Mortgage, as it was recorded, is attached hereto as Exhibit "D.")

19. The Second Mortgage names Defendant MERS "solely" as a nominee for Defendant Countrywide but, one sentence later, states that "MERS is the 'mortgagee.' (See Exhibit "D.")

20. Defendant HomEq, in correspondence addressed to Mr. and Mrs. Toledo, has claimed to have an interest in the Subject Property and has demanded payment of $119,116.92. All of the

8

letters from Defendant HomEq refer to Mr. and Mrs. Toledo's loan as Loan Number 000032215 XXXX. (Complete, true, and correct copies of sample letters in which Defendant HomeEq. demands payments from Mr. and Mrs. Toledo are attached hereto as Exhibit "E.")

21.    Defendant B. of A., in correspondence addressed to Mr. and Mrs. Toledo, has claimed that it has an interest in the Subject Property and has demanded $219,403.31, plus interest, from Plaintiffs. All letters from B. of A. refer to the loan by Account Number 11524XXXX. (Complete, true, and correct copies of sample letters in which Defendant Bank of America demands payment from Mr. and Mrs. Toledo are attached hereto as Exhibit "F.")

22.    Defendant Ocwen, in correspondence addressed to Mr. and Mrs. Toledo, has claimed to have an interest in the Subject Property and has demanded $110,680.70 from Plaintiffs and has denied a loan modification.  All of the letters from Ocwen refer to the loan by Loan Number 70725XXXX.  (Complete, true, and correct copies of letters in which Ocwen demands payment from Mr. and Mrs. Toledo are attached hereto as Exhibit "G.")

23.    On April 16, 2012, Defendant CoreLogic, at the request of Defendant B. of A., recorded on the Subject Property a    false

9

purported "Assignment," signed by Defendant Miguel Romero, which attempts to assign the Second Note to Defendant BONY as Trustee for Trust 2006-H---six years after the Trust, as a matter of law, was prohibited from acquiring additional assets. (A complete, true, and correct copy of the false purported "Assignment" is attached hereto as Exhibit "H.")

24. Defendant Miguel Romero signs as the "Vice President" of Defendant MERS, but he is not an officer of MERS. He actually is an employee of Defendant B. of A. And Defendant MERS never owned the Second Note. (See Exhibit "C.")

25. According to its 424(b)(5) Prospectus, Trust 2006-H closed on September 29, 2006, meaning that it has not been capable of acquiring new assets after that date. (A complete, true, and correct copy of the summary page of Trust 2006-H's 424[b][5] Prospectus is attached hereto as Exhibit "I.")

26. Only Defendants Argent, MERS, and BONY appear on the Subject Property's Certificate of Title, cert. no. 700209. (A complete, true, and correct copy of the Subject Property's Certificate of Title is attached hereto as Exhibit "J.")

27. Only Defendants Argent, MERS, and BONY appear on

10

the Lot Book Report for the Subject Property. (*See* Exhibit "H.")

28. Only Defendants Argent and MERS appear on the Hawai'i Bureau of Conveyances Official Public Records. (A complete, true, and correct screen shot of the Bureau of Conveyances Official Public Records is attached hereto as Exhibit "K.")

29. At the present time, Mr. and Mrs. Toledo do not know the identities of the individual or entity that holds either the First Note or the Second Note, let alone which entities (if any) are authorized to act on the Note holders' behalf. Mr. and Mrs. Toledo have a legal duty to make payments under their Notes only to the correct parties and have a right to know who owns their mortgages. Without a declaratory judgment determining the matter, Mr. and Mrs. Toledo could be liable for the same debts two or three times.

### COUNT 1:
### QUIET TITLE

30. Mr. and Mrs. Toledo hereby reallege and incorporate the facts as alleged in paragraphs 1-29.

31. Mr. and Mrs. Toledo are in possession of the Subject Property, and no other party is in possession. Mr. and Mrs. Toledo

assert their own estate and declare generally that Defendants claim some interest in the mortgages and therefore in the Subject Property, without defining their interests, and aver that their claims are without foundation.  Mr. and Mrs. Toledo call on the Defendants to set forth the nature of their claims, so that they may be determined by decree.

32.    Although it is named on the Certificate of Title, the Lot Book Report, and the Bureau of Conveyances website, Defendant Argent cannot have any interest in the Subject Property because it sold its interest in the First Note and the First Mortgage in 2004.

33.    Defendant BONY as Trustee cannot have a valid interest in the Subject Property because Trust 2006-H was unable to acquire assets in 2012 when it claims to have obtained Note 2.

34.    Defendants HomEq., Bank of America, and Ocwen all have claimed a unjustifiable interests in the Subject Property, as none of them hold either the First Note or the Second Note, none of them have recorded any document indicating their interest in the Subject Property, and each references loan numbers that differ from any recorded document.

**WHEREFORE**, Mr. and Mrs. Toledo respectfully pray for relief as follows:

12

a. Declaring what is the interest (if any) of the Defendants and Mr. and Mrs. Toledo in the Subject Property and in the Mortgages therein;

b. Removing all clouds on the title of the Subject Property resulting from Defendants' actions;

c. Ordering a Stay of any and all legal proceedings *in rem* against the Subject Property until this Court can determine the status of each Defendants' interest (if any);

d. Awarding Mr. and Mrs. Toledo the costs of bringing this action;

e. Awarding Mr. and Mrs. Toledo reasonable attorneys' fees for bringing this action;

f. Granting any further relief that this Court deems just and proper.

Dated:     October 16, 2013
           Honolulu, Hawai'i

Respectfully Submitted,

Robert L. Stone
Attorney for Plaintiffs